1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10
                          ----oo0oo----
11

12   PATRICIA WALKER, individually;
     PATRICIA WALKER, as Guardian
13   Ad Litem for LINDSAY WALKER
     and ASHLEY WALKER minors; and
14   PATRICIA WALKER, as Successor-
     In-Interest to FREDERICK
15   WALKER II, JANELLE WALKER,
                                         NO. CIV. S-03-1152 FCD DAD
16        Plaintiffs,

17        v.                             MEMORANDUM AND ORDER

18   FMC TECHNOLOGIES, FMC
     FoodTech, FRIGOSCANDIA, and
19   DOES 1 through 50, inclusive,

20        Defendants.

21                        ----oo0oo----

22        This matter is before the court on defendants FMC

23   Technologies, Inc., FMC Foodtech, and Frigoscandia's

24   ("defendants") motion for reconsideration of the court's April

25   19, 2005 order denying defendants' motion for summary

26   adjudication.  Fed. R. Civ. P. 59(e).[1]  In that order, the court

27   _____

28        [1]  Defendants failed to identify the rule of procedure
     authorizing the instant motion; however, they have discussed the
     standard under Rule 59(e), and the court therefore construes the
                                                    (continued...)

found that California's, and not Wisconsin's, rules of decision for measuring damages in wrongful death suits apply in this case. Defendants now move for reconsideration of that decision arguing the court committed "clear error" in finding that California law applies.  For the reasons stated below, defendants' motion for reconsideration is DENIED.[2]  Their alternative request for certification of the issue for immediate appeal is likewise DENIED.

Rule 59(e) is "an extraordinary remedy to be used sparingly in the interests of finality and conservation of judicial resources."  Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000).  Thus, the Ninth Circuit has made clear that a motion for reconsideration should not be granted "'absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" Id. (citation omitted.)  When a motion for reconsideration is based on a claim of clear error, as in this case, the moving party must do more than repeat arguments made in the underlying motion.  "Reiteration of arguments originally made in support of, or in opposition to, a motion . . . do not provide a valid basis for reconsideration."  Reliance Ins. Co. v. Doctors Co., 299 F. Supp. 2d 1131, 1154 (D. Hawaii 2003); Backlund v. Barnhart, 778

---

[1](...continued)
motion as arising under that Rule.

[2]     Because oral argument will not be of material assistance, the court orders the matter submitted on the briefs. See E.D. Cal. L.R. 78-230(h).

1   F.2d 1386, 1388 (9th Cir. 1985).

2       This is precisely what defendants have done in this motion;
3   they simply repeat arguments they asserted in the original
4   motion, arguments which were fully considered by the court in its
5   order.  Indeed nowhere in their papers do they identify any new
6   facts or issues justifying reconsideration.  Accordingly, the
7   court need not restate its analysis here.  There is no basis for
8   granting the motion for reconsideration.

9       With that said, the court does note that the entire premise
10  of defendants' instant motion is faulty.  Defendants wholly
11  ignore California's "governmental interest test" for choice of
12  law questions.  In essence, defendants maintain that Wisconsin
13  law should apply to this case because that is where the decedent,
14  Mr. Walker, was killed.  This argument is directly contrary to
15  California's choice of law principles, which this court must
16  apply.  In adopting the governmental interest test, the
17  California Supreme Court expressly rejected the traditional view
18  that the "place of the wrong" determines what law applies.  <u>Reich</u>
19  <u>v. Purcell</u>, 67 Cal. 2d 551, 555 (1967).

20          [A]s jurisdiction after jurisdiction has departed
            from the law of the place of the wrong as the
21          controlling law in tort cases, regardless of the
            issue involved, . . . that law no longer affords even
22          a semblance of the general application that was
            once thought to be its great virtue.  We conclude
23          that the law of the place of the wrong is not
            necessarily the applicable law for all tort actions
24          brought in the courts of this state.

25  <u>Id.</u> (internal citations omitted.)  Thus, the place of Mr.
26  Walker's death is not determinative.  Defendants' approach has
27  been consistently rejected by the California Supreme Court since
28  1967 and cannot be applied here.

1    It is for this very reason that the court likewise denies

2   defendants' alternative request for certification of the issue

3   for immediate appeal.  28 U.S.C. § 1292(b).  To be entitled to

4   such relief, defendants must show that (1) the order involves a

5   controlling question of law; (2) there is substantial ground for

6   difference of opinion; and (3) permitting an immediate appeal is

7   likely to materially advance the ultimate termination of the

8   litigation.  <u>Loritz v. CMT Blues</u>, 271 F. Supp. 2d 1252, 1253

9   (S.D. Cal. 2003).  Defendants' request for certification fails

10  most glaringly on the second prong--there is no substantial

11  ground for difference of opinion as to whether under the

12  governmental interest test, California law applies.

13    The place of the wrong is not determinative of the issue.

14  Rather, the court must consider the two states' interests in

15  having their respective laws apply.  That determination was clear

16  in this case; only California has an interest in this wrongful

17  death matter, as such matters have "little or nothing to do with

18  conduct," but rather "how survivors should be compensated."

19  <u>Reich</u>, 67 Cal. 2d at 556.  Likewise, while a jurisdiction may

20  have an interest in having its damages limitation rules applied

21  to protect its resident defendants from excessive financial

22  burdens or from exaggerated claims, in this case, none of the

23  defendants are residents of Wisconsin.  Therefore, the court

24  properly found that Wisconsin does not have a policy interest in

25  the application of Wisconsin's rules of decision limiting

26  damages.  As such, California law applies since the alleged

27  conflict of laws is a "false" one.  (Mem. & Order, filed April

28  19, 2005, at 9.)

4

1    Thus, for all of the above reasons, and those stated fully

2  in the court's order of April 19, 2005, the court DENIES

3  defendants' motion for reconsideration, as well as their

4  alternative request for certification of the choice of law issue

5  for immediate appeal.

6    IT IS SO ORDERED.

7  DATED: May 27, 2005.

8                              /s/ Frank C. Damrell Jr.
                               FRANK C. DAMRELL, Jr.
9                              UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5